UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 2 2018

---

Henry Soto,

        Plaintiff,

     –v–

The County of Westchester, *et al.*,

        Defendants.

---

08-CV-5066 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Henry Soto, proceeding *pro se*, seeks to re-open this case pursuant to Federal Rule of Civil Procedure 60. Plaintiff's action against the County of Westchester and the Westchester County Department of Corrections (together, "Defendants") was settled in October 2010 and dismissed with prejudice. However, Soto now contends that he neither consented to this settlement nor received any of its proceeds. He accordingly seeks vacatur of the settlement agreement. For the following reasons, Plaintiff's motion is DENIED.

## I.    Background

On June 3, 2008, Plaintiff filed suit against the County of Westchester and the Westchester County Department of Corrections. *See* Complaint, Dkt. No. 1 ("Compl."). Soto alleged that he was attacked and beaten by other inmates while in the Defendants' custody. Compl. ¶ 13. He argued that the Defendants negligently failed to provide for his safety and sought an unspecified amount of compensatory damages under 42 U.S.C. § 1983. *Id.* ¶ 16. The Defendants denied Plaintiff's factual allegations, argued that they acted in accordance with all applicable laws and

regulations, and raised various affirmative defenses under § 1983 and the Prison Litigation Reform Act of 1996. *See* Answer, Dkt. No. 4.

In October 2010, the parties reached a settlement agreement, and the Honorable Kevin Thomas Duffy, to whom this action was this action was then assigned, dismissed the action with prejudice. *See* Dkt. No. 15. The settlement required the Defendants to pay Soto $2,500 in exchange for his release of all claims against them. *See* Dkt. No. 23 ("Def. Resp."), Ex. D.

In proceedings separate from this action, Soto's attorney, Stephen R. Krawitz, pleaded guilty to stealing settlement proceeds obtained for the clients of his law firm. *See* Cyrus R. Vance, Jr., *DA Vance: Former Attorney Sentenced to 4-to-12 Years in State Prison for Stealing Nearly $2 Million from More Than 50 Personal Injury Clients*, THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE (Sept. 29, 2015), http://www.manhattanda.org/press-release/da-vance-former-attorney-sentenced-4-12-years-state-prison-stealing-nearly-2-million-m ("DA Press Release"). "Between November 2008 and March 2014, KRAWITZ stole approximately $1,913,155 from more than 50 clients by depositing their settlement checks into his Interest on Lawyer Accounts ('IOLA') and using the money for his own personal benefit." *Id.* The New York State Supreme Court sentenced him to four to twelve years' imprisonment. *Id.*

Shortly thereafter, in November 2015, Plaintiff filed a letter with the Court alleging that he never agreed to settle this action and did not receive any proceeds from the 2010 settlement. *See* Dkt. Nos. 18. Soto argued that Krawitz forged his signature on the settlement agreement and subsequently misappropriated, for himself, all funds paid by the Defendants. Dkt. No. 18. Krawitz represented the Plaintiff for the entirety of his original action. *See* Def. Resp. at 6.

The Plaintiff did not characterize his submissions to the Court as being brought pursuant to Rule 60 or any other Federal Rule of Civil Procedure. Dkt. No. 18. However, "it is well

established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation omitted). Accordingly, even though Plaintiff did not formally advance a legal theory under Rule 60, after the case was reassigned to the undersigned in early 2017, the Court ordered that his filings be construed as such, and ordered the Defendants to respond. *See* Dkt. No. 22.

Defendants claim that they had no reason to doubt the legitimacy of this attorney-client relationship at the time. Def. Resp. at 6. What is purportedly Soto's signature appears on the 2010 settlement. Ex. D. Additionally, the Defendants have introduced into the record a payment voucher showing that they disbursed the $2,500 owed to Soto under the settlement agreement to Krawitz in 2010. Ex. E. They argue that they are presently "without any recourse to recover the funds" from Krawitz. Def. Resp. at 6.

## II.    Plaintiff's Rule 60(b) Claim is Denied

The Plaintiff's submissions raise a cognizable claim under Rule 60(b). However, because the Plaintiff fails to satisfy Rule 60(b)'s timeliness requirement, his claim is denied.

### A. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

3

Fed. R. Civ. P. 60(b). The relief available under Rule 60(b) is equitable in nature. "The rule 'strikes a balance between serving the ends of justice and preserving the finality of judgments.' However, because the grant of a Rule 60(b) motion affords the movant 'extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.'" *Katz v. Mogus*, No. 07-CV-8314(PKC), 2012 WL 263462, at *3 (S.D.N.Y. Jan. 25, 2012) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1996)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances," and "[t]he burden of proof is on the party seeking relief from judgment." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

A motion brought pursuant to Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 189 (2d Cir. 2006). Motions filed pursuant to the remaining three enumerated reasons must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "[A] party seeking relief under [Rule 60(b)] must show highly convincing evidence in support of its motion, good cause for its failure to act sooner, and that the non-moving party would not suffer undue hardship." *Katz*, 2012 WL 263462, at *3 (citation and internal quotation marks omitted).

### B. Plaintiff's Rule 60(b) Motion is Untimely

The Plaintiff did not characterize his filings as being brought pursuant to any specific subsection of Rule 60(b), nor did the Court when initially construing Plaintiff's filing. *See* Dkt. Nos. 18-19, 22. The Court will now consider the viability of the Plaintiff's claim under each subsection of the Rule. *See NMD Interactive, Inc. v. Chertok*, No. 11-CV-6011(RJS), 2013 WL 1385213, *4 (S.D.N.Y. Mar. 18, 2013) (construing a *pro se* party's claims under all viable

4

subsections of Rule 60(b), including grounds that the movant did not explicitly raise), *vacated on other grounds sub nom, Streetasy, Inc. v. Chertok*, 752 F.3d 298 (2d Cir. 2014). Ultimately, Plaintiff's motion for vacatur is untimely and must be denied irrespective of which Rule 60(b) provision the Court applies.

Motions pursuant to Rules 60(b)(1)-(3) are subject to an absolute one-year time requirement. Here, almost five years have elapsed between the original action's dismissal with prejudice, on November 17, 2010, and Soto's first letter to the Court seeking vacatur, dated November 4, 2015. *See* Dkt. Nos. 15, 17. Therefore, any motion under these provisions is untimely and must be denied.

Defendants argue that the Plaintiff has also failed to meet the timeliness requirement for motions under Rules 60(b)(4)-(6). The instant motion is the result of filings made more than five years after the settlement order was issued and eleven years after the conduct that forms the basis of Plaintiff's underlying action. Def. Resp. at 5. Defendants contend that the Plaintiff's failure to diligently monitor the progress of his action for five years is unreasonable. *Id.* at 5-6. Additionally, they argue that two different document retention policies will unduly burden them if this Court grants Plaintiff's motion. *Id.* at 3, 6. First, the Defendants claim that Westchester County's files regarding the original action have been destroyed due to its six-year document retention policy. *Id.* Second, the court reporting agency for Westchester County during the original action, Carbone and Associates LTD, is no longer operating, and all records of the Plaintiff's deposition have accordingly been destroyed. *Id.* at 3, Ex. C. The Defendants therefore argue that granting this motion would create "undue hardship and prejudice in defending the underlying matter after its files and documents have already been destroyed." Def. Resp. at 5-6.

5

Plaintiff has not proffered any explanation for his five-year delay or responded to Defendants' argument that they would face an undue burden were this motion granted. In his letter to the Court dated November 4, 2015, he states, "After finding out that my signature has been forged by Mr. Krawitz on specific documents pertaining to this lawsuit and that he was already in trouble for fraud, I would like to know what the status of my case is . . . ." Dkt. No. 18. The Court interprets this to mean that Soto only became aware of his attorney's approval of the 2010 settlement and alleged misappropriation of the resulting funds when Krawitz's larger fraud was revealed to the public in 2015, which may explain this delay. However, even assuming *arguendo* that Plaintiff was unaware of the settlement until this public revelation, it is unclear why he did not seek any kind of update regarding his case during the intervening five years.

The Court holds that granting this motion would create undue hardship for the defendants and that Soto's delay was unjustified. Therefore, the Plaintiff has failed to satisfy the timeliness requirement for filing a motion under Rules 60(b)(4)-(6).

### III.    Plaintiff's Rule 60(d) Claim is Denied

A liberal construction of the Plaintiff's filings also raises a cognizable claim under Rule 60(d)(3), which allows a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). However, the Plaintiff has failed to meet his burden of proof under this provision.

### A.  Legal Standard

"Fraud upon the court . . . is limited to fraud which seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (citation and internal quotation marks omitted). It "should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of

the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id.* (citation and internal quotation marks omitted). It is well established that an attorney is an officer of the court. *See Maracich v. Spears*, 133 S. Ct. 2191, 2202 (2013) (noting that an attorney acts within his capacity as an officer of the court when representing a client in litigation).

Fraud upon the court "must be established by clear and convincing evidence." *King*, 287 F.3d at 95 (internal quotation marks and citations omitted). Conclusory allegations are insufficient to satisfy the clear and convincing evidence standard. *See, e.g., Armatas v. Maroulleti*, No. 08-CV-0310(SJF), 2015 WL 5561177 (E.D.N.Y. Sept. 21, 2015) (rejecting a Rule 60(d) motion as meritless because "it contain[ed] only conclusory assertions and speculation").

## B. Plaintiff Has Failed to Satisfy Rule 60(d)'s Evidentiary Requirement

Although Plaintiff's allegations raise a cognizable claim under Rule 60(d)(3), he has failed to meet the clear and convincing evidentiary standard.

As Plaintiff's attorney, Krawitz was acting as an officer of the court when the underlying litigation was filed and settled. Therefore, if he truly forged Soto's signature on a settlement agreement and subsequently misappropriated the funds he received from the Defendants, the Plaintiff could raise a plausible argument that Krawitz's actions constitute fraud on the court as postulated by the Second Circuit in *King*.

However, the Plaintiff has failed to demonstrate such fraud on the court by clear and convincing evidence. His multiple letters consist only of conclusory allegations, alleging that he never authorized Krawitz to accept a settlement and never received any funds. Dkt. No. 18. These allegations, without further proof, are insufficient to meet the standard required to prevail

on a Rule 60(d) motion. The documents that Soto has provided the Court—including the underlying notice of claim, attorney's certification, complaint, and letters from Krawitz to Soto regarding the settlement—do not in any respect provide support for his allegations of fraud. To the contrary, the Plaintiff has failed to proffer any evidence that supports his claims. For example, if his allegations are true, Soto's financial records could demonstrate that Krawitz never transferred the $2,500 settlement (or any portion thereof) into his accounts. However, no such evidence has been introduced into the record.

In the absence of any evidence supporting the Plaintiff's fraud on the court claim, the Court finds that Soto has failed to meet the requisite clear and convincing evidence standard and therefore must deny his Rule 60(d) motion.

## IV.   Alternative Sources of Relief

Assuming that Soto's claims are truthful, the Court notes that denial of his Rule 60 claims does not foreclose him from pursuing alternative means of relief.

First, despite representing Soto in the underlying suit, Krawitz is not party to this action. To the extent that the Plaintiff feels Krawitz, and not the instant Defendants, aggrieved him, he may pursue separate litigation against Krawitz.

Second, the New York Lawyers' Fund for Client Protection has generously assisted former clients of Krawitz in obtaining reimbursements for misappropriated settlement funds. *See* DA Press Release. The Defendants rightly suggest that the Fund may provide Soto an alternative source of relief. Def. Resp. at 6.

## V.   Conclusion

For the reasons stated above, the Plaintiff's Rule 60 motion is DENIED. The Clerk of the Court is directed to close this action.

SO ORDERED.

January _____, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

9